JMH:GMR
F. #2022R00519

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION FOR A SEARCH WARRANT FOR:<br><br>THE DNA OF THE PERSON KNOWN AND DESCRIBED AS FREDERICK ISAAC, WITH BOP REGISTER NUMBER 31736-510 | APPLICATION FOR A SEARCH WARRANT<br><br>Case No. __23-MJ-16__ |

EASTERN DISTRICT OF NEW YORK, SS:

JENNIFER CARDILLO being duly sworn, deposes and states that she is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), duly appointed according to law and acting as such.

Upon information and belief, there is probable cause to believe that evidence of a violation of Title 18, United States Code, Sections 1951(a), 922(g)(1), and 924(c) (the "SUBJECT OFFENSES"), committed by FREDERICK ISAAC ("ISAAC") will be obtained by the taking and preserving as evidence, of a buccal swab sample of the defendant.[1]

1.      I am a Special Agent with the ATF.  The facts set forth in this affidavit are based on my own investigation and upon what I have learned from other individuals who have

---

[1] Some of the courts that have addressed the issue have found that obtaining DNA via saliva is subject to the protections of the Fourth Amendment. See United States v. Nicolosi, 885 F. Supp. 50, 51-56 (E.D.N.Y. 1995) (Glasser, J.); In re Shabazz, 200 F. Supp. 2d 578, 581-85 (D.S.C. 2002). But see United States v. Owens, 2006 WL 3725547, at *6-17 (W.D.N.Y. Dec. 15, 2006) (finding probable cause not necessary for a saliva sample for DNA from an inmate); In re Vickers, 38 F. Supp. 2d 159, 165-68 (D.N.H. 1998) (permitting saliva sample by grand jury subpoena).

participated in the investigation. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part. Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause, I have not set forth all of the facts and circumstances relevant to this investigation.

2. I have been involved in the investigation of ISAAC related to a pattern of Hobbs Act robberies occurring in May and June 2022 and his possession of a 9 mm Taurus pistol.

3. On or about June 15, 2022, a man identified as DASEAN TAYLOR ("TAYLOR") entered a store at 93 Nassau Avenue in Brooklyn, displayed a black firearm, and struck a store employee, Individial-1, whose identity is known to me, in the head with the firearm. TAYLOR then used his hands to propel himself over a counter and into the area of the store where the cash register is located. TAYLOR removed property from the store, including money from the cash register, and fled in a black SUV with another person, later identified as ISAAC.

4. After TAYLOR fled the store at 93 Nassau Avenue, Individual-1 and another person pursued TAYLOR in separate cars. The SUV in which TAYLOR and ISAAC fled eventually crashed in the vicinity of the intersection of Lombardy Street and Kingsland Avenue. After the crash, TAYLOR and ISAAC fled on foot and were arrested by the New York City Police Department ("NYPD") in the vicinity of Lombardy Street and Kingsland Avenue.

5. In connection with TAYLOR and ISAAC's arrests, the NYPD recovered, among other items of evidence, a black Taurus 9 mm pistol (the "Firearm") from the vicinity of where the arrests occurred. The Firearm was later processed by an NYPD officer with the Evidence Collection Team who used cotton swabs to attempt to collect DNA evidence from it. These swabs were then sent to the Office of the Chief Medical Examiner for the City of New York ("OCME").

6. On November 2, 2022, a Grand Jury sitting in the Eastern District of New York returned an Indictment charging TAYLOR and ISAAC with violations of Title 18, United States Code, Sections 1951 (Hobbs Act robbery), 924(c) (Brandishing a Firearm During a Crime of Violence), and 922(g)(1) (Felon in Possession of a Firearm) in connection with the June 15, 2022 robbery and other robberies. A copy of the indictment is attached hereto as Exhibit A. Accordingly, there is probable cause to conclude that ISAAC violated Title 18, United States Code, Sections 1951 (Hobbs Act robbery), 924(c) (Brandishing a Firearm During a Crime of Violence), and 922(g)(1) (Felon in Possession of a Firearm).

7. The OCME tested the swabs obtained from the Firearm and a criminalist determined that a 22-locus DNA profile from a male, Male Donor A, was present on a swab taken from the "front strap, back strap and side grips" of the Firearm. The results were compared with a DNA profile developed from a cigarette butt taken from ISAAC following his arrest. The OCME determined that its comparison analysis "supports that the DNA donor to the

3

cigarette butt submitted for Frederick Isaac is included as a contributor to" the sample taken from the "front strap, back strap and side grips" of the Firearm.

8.      The government wishes to collect DNA from ISAAC (e.g., a buccal swab) in order to allow OCME to directly compare a known sample of ISAAC's DNA to the profile of Male Donor A.

9.      Based on the above information, there is probable cause to believe that ISAAC'S DNA is the DNA of Male Donor A found on the Firearm and that a buccal swab would constitute evidence of ISAAC's commission of the SUBJECT OFFENSES.

WHEREFORE, your deponent requests that a search warrant be issued authorizing ATF Special Agents and Task Force Officers, New York City Police Department officers, United States Marshals and other appropriate law enforcement and support personnel to seize and obtain a buccal swab from ISAAC.  An appropriately trained law enforcement officer, or an appropriately trained designee, will perform the cheek swabbing.  The DNA samples sought herein will be collected by buccal swab.  This method involves taking a sterile swab (similar to a Q-Tip) and gently scrubbing the inside of the subject's cheeks for approximately five to ten seconds each.  The samples seized will be subsequently submitted to a forensic laboratory for examination and will be subject to examination, testing and analysis.  ISAAC's counsel will be

notified prior to the taking of the buccal swab sample and will be permitted to be present while the sample is collected.

Respectfully submitted,

*Jennifer Cardillo*
Jennifer Cardillo
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me by telephone this
__5th__ day of January, 2023

s/ James R. Cho
_____
HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

5

EXHIBIT A

JMH:GMR
F. #2022R00519

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\*   November 2, 2022   \*
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Judge Ross
Magistrate Judge Scanlon

------------------------------X

UNITED STATES OF AMERICA

   - against -

DASEAN TAYLOR and
FREDERICK ISAAC,

          Defendants.

------------------------------X

I N D I C T M E N T

Cr. No. 22-CR-498
(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2),
924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(d)(1), 981(a)(1)(C), 1951(a), 2 and
3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Hobbs Act Robbery Conspiracy)

     1.     In or about May 2022 and June 2022, within the Eastern District of New York and elsewhere, the defendants DASEAN TAYLOR and FREDERICK ISAAC, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from one or more stores in and around Brooklyn, New York.

     (Title 18, United States Code, Section 1951(a) and 3551 et seq.)

COUNT TWO
(Hobbs Act Robbery)

     2.     On or about May 8, 2022, within the Eastern District of New York and elsewhere, the defendant DASEAN TAYLOR, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and

commodities in commerce, by robbery, to wit: the robbery of United States currency from a store located at 1091 Bedford Avenue in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT THREE
(Possessing and Brandishing a Firearm During a Crime of Violence)

3. On or about May 8, 2022, within the Eastern District of New York and elsewhere, the defendant DASEAN TAYLOR, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Two, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT FOUR
(Hobbs Act Robbery)

4. On or about May 25, 2022, within the Eastern District of New York and elsewhere, the defendant DASEAN TAYLOR, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from a store located at 152 Albany Avenue in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT FIVE
(Possessing and Brandishing a Firearm During a Crime of Violence)

5. On or about May 25, 2022, within the Eastern District of New York and elsewhere, the defendant DASEAN TAYLOR, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to

3

wit: the crime charged in Count Four, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT SIX
(Hobbs Act Robbery)

6. On or about June 6, 2022, within the Eastern District of New York and elsewhere, the defendants DASEAN TAYLOR and FREDERICK ISAAC, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from a store located at 1674 Pitkin Avenue in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT SEVEN
(Possessing and Brandishing a Firearm During a Crime of Violence)

7. On or about June 6, 2022, within the Eastern District of New York and elsewhere, the defendants DASEAN TAYLOR and FREDERICK ISAAC, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Six, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

4

## COUNT EIGHT
(Hobbs Act Robbery)

8. On or about June 15, 2022, within the Eastern District of New York and elsewhere, the defendants DASEAN TAYLOR and FREDERICK ISAAC, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from a store located at 93 Nassau Avenue in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT NINE
(Possessing and Brandishing a Firearm During a Crime of Violence)

9. On or about June 15, 2022, within the Eastern District of New York and elsewhere, the defendants DASEAN TAYLOR and FREDERICK ISAAC, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Eight, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT TEN
(Felon in Possession of a Firearm)

10. On or about June 15, 2022, within the Eastern District of New York and elsewhere, the defendant DASEAN TAYLOR, together with others, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting

5

commerce one or more firearms, to wit: a Taurus USA 9 mm pistol with serial number TJR77224.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2), 2 and 3551 et seq.)

## COUNT ELEVEN
(Felon in Possession of a Firearm)

11. On or about June 15, 2022, within the Eastern District of New York and elsewhere, the defendant FREDERICK ISAAC, together with others, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce one or more firearms, to wit: a Taurus USA 9 mm pistol with serial number TJR77224.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE, TWO, FOUR, SIX AND EIGHT

12. The United States hereby gives notice to the defendants charged in Counts One, Two, Four, Six, and Eight that, upon their conviction of such offenses, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any other criminal law of the United

States, including but not limited to the following assets seized on or about June 16, 2022 in Brooklyn, New York:

    (i) one Taurus USA 9 mm pistol bearing serial number TJR77224; and

    (ii) approximately one hundred thirty-two dollars and zero cents ($132.00).

13.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located on the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS THREE, FIVE, SEVEN, NINE, TEN AND ELEVEN

14.    The United States hereby gives notice to the defendants charged in Counts Three, Five, Seven, Nine, Ten and Eleven that, upon their conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any

7

firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924, including but not limited to one Taurus USA 9 mm pistol bearing serial number TJR77224, seized on or about June 16, 2022, in Brooklyn, New York.

    15.    If any of above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located on the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

By Whitman G.S. Knopp, Asst. U.S. Atty
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2022R00519
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

DASEAN TAYLOR and FREDERICK ISAAC,

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2), 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(d)(1), 981(a)(1)(C), 1951(a), 2 and 3551 et seq.; T. 21, U.S.C., §§ 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* ___

_____
*Clerk*

Bail, $ _____

Gilbert M. Rein, *Assistant U.S. Attorney (718) 254-6407*